IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>vs.<br><br>$21,255 in U.S. Currency<br><br>    Defendant in Rem | NO.  4:22-CV-00368-O |
| Audrey Anissa Wilford<br><br>    Third-Party Claimant | |

## SETTLEMENT AGREEMENT

The United States of America, Audrey Anissa Wilford ("Claimant"), and Gwendolyn Wheeler hereby agree to the full and complete resolution of their interests and claims in this matter with respect to $21,255 in U.S. Currency seized on October 14, 2020, at 19712 Woodrow Wilson Street, Manor, Texas, from Claimant and Robert Harris, Jr. (the "Subject Property"). The United States and the Claimant are jointly referred to as "the Parties."

## RECITALS

    A.    On October 14, 2020, at the request of the HIDTA team, agents with the Drug Enforcement Administration in Austin, Texas and officers with the Austin Police Department executed a federal arrest warrant for Claimant and Harris at their residence located at 19712 Woodrow Wilson Street, Manor, Texas.

B. During the execution of the warrant the officers discovered the Subject Property, which they seized as proceeds of drug trafficking or property intended to facilitate such trafficking.

C. Thereafter, the Drug Enforcement Administration ("DEA") initiated an administrative forfeiture proceeding against the Subject Property under 21 U.S.C. § 881. As part of the proceeding, Claimant was notified, and she submitted a claim asserting an interest in the Subject Property.

D. The complaint in this civil forfeiture of the Subject Property was filed on April 29, 2022 (Dkt. 1), and an amended complaint on September 19, 2022 (Dkt. 15).

E. Claimant filed a claim (Dkt. 10) and answered the complaints (Dkt. 13 and 15).

F. Claimant is currently serving a prison sentence related to *Untied States v. Audrey Anissa Wilford*, No. 4:20-CR-339-Y(18) (N. D. Tex,.) and Claimant's four children are being cared for by Gwendolyn Wheeler.

G. This is a settlement of disputed claims. It is not an admission of fault or wrongdoing by Claimant, nor is it a concession by the United States that its claims are not well-founded.

H. To avoid the delay, uncertainty, inconvenience, and expense of litigation, the Parties mutually desire to reach a settlement of the Parties' claims pursuant to the Terms and Conditions set forth below.

## TERMS AND CONDITIONS

1. Claimant agrees to the full and complete forfeiture of $17,255 of the Subject Property (the "Forfeited Property") to the United States. Claimant agrees to the entry of a final judgment of forfeiture in the above case forfeiting the Forfeited Property to the United States. Claimant forever waives and disclaims all interest in the Forfeited Property. The Parties further stipulate that the Forfeited Property shall be condemned, forfeited, and vested in the United States. Any right, title, or interest of Claimant and her heirs, successors, or assigns, in the Forfeited Property is forever extinguished and the United States may dispose of this property according to law.

2. The United States agrees to return $4,000 of the Subject Property (the "Returned Property") to Gwendolyn Wheeler on the following conditions:

   a. Claimant agrees to abide by all criminal laws of the United States including those that prohibit the illegal trafficking of controlled substances and the transportation of criminal proceeds;

   b. Claimant agrees to the return of the Returned Property to Gwendolyn Wheeler, that such funds will solely be used for the care and benefit of her four children, and Claimant disclaims all interest in the Returned Property.

   c. Gwendolyn Wheeler agrees that she will use the $4,000 for the care and benefit of Claimant's four children in the amount of $1000 for each child, and will never give these funds to Claimant, directly or indirectly;

  d. Gwendolyn Wheeler agrees that she will keep an itemized list with descriptions of expenditures and amounts for all uses of the Returned Property for each child;

  e. Gwendolyn Wheeler agrees that each year on the anniversary of the execution of this agreement, for as long as the Returned Property is not completely expended, she will submit an affidavit under oath and under penalty of perjury that includes the current itemized list and declares how the Returned Property has been used for the care and benefit of each child. Upon completely exhausting the funds for the benefit of Claimant's four children and within one month of that occurrence, Gwendolyn Wheeler agrees to submit a final affidavit that includes the final itemized list and a final declaration of how the funds were expended for the care and benefit of Claimant's four children. Gwendolyn Wheeler agrees to provide the required affidavit(s) and itemized list(s) to: Travis K. Elder, Assistant United States Attorney, 1100 Commerce Street, Third Floor, Dallas, Texas 75242-1699, with a reference to Case No. 4:22-CV-368-O; and

  f. Other conditions as specified below.

  3.   The return of the Returned Property to Gwendolyn Wheeler shall be in full settlement and satisfaction of all claims by Claimant to the Subject Property, the Forfeited Property, and all claims and causes of action that could result from the Subject Property's seizure and inclusion in the administrative forfeiture proceeding and the above judicial forfeiture case.

**Settlement Agreement – Page 4 of 7**

4. Claimant agrees to hold harmless and fully and finally release the United States, and all of its agencies, including, but not limited to, the DEA, the United States Marshals Service, and any other involved federal, state and local authorities, and their agencies, agents, officers, employees and servants from any claims (whether known or unknown, including claims for attorney's fees and costs, interest, and expenses of every kind and however denominated) that Claimant or Claimant's heirs, successors, transferees, or assignees have asserted, could have asserted, or may assert in the future against the United States, any of the above departments, or their agencies, agents, officers, employees and servants related to seizure of the Subject Property and the United States' investigation and prosecution of this matter.

5. Except for the terms of this agreement, Claimant understands and agrees that by entering this settlement regarding Claimant's interests in the Subject Property, Claimant waives any rights to contest the forfeiture or litigate further against the United States Claimant's interest in the Forfeited Property and to petition for remission or mitigation of such forfeiture. Claimant also waives all rights—constitutional, statutory, or otherwise—with respect to the forfeiture, including any claim that the officers who seized the Subject Property lacked probable cause for such seizure.

6. Each party agrees to bear its own costs and attorney's fees and waives any right to attorney's fees under 28 U.S.C. § 2465 or any other provision of law.

7. The terms of this settlement agreement do not affect the tax obligations, fines, penalties, or any other monetary obligations of the Claimant owed to the government unless specifically specified herein. The return of funds pursuant to this

**Settlement Agreement – Page 5 of 7**

agreement is considered a federal payment under the Treasury Offset Program (31 U.S.C. § 3716).

8. Claimant and Gwendolyn Wheeler agree to execute further documents, as necessary, to implement the terms of this settlement.

9. The Parties hereby warrant and represent that the terms of this agreement have been completely read, fully understood, and voluntarily accepted following opportunity for review by legal counsel of their choice. The Parties further warrant and represent that they are satisfied with their counsel, if any.

10. This agreement, and any dispute arising thereof shall be governed by the laws of the United States. The Parties agree that should any judicial action be required to enforce or interpret this agreement, or to resolve any dispute hereunder, the exclusive venue for such an action shall be in the United States District Court for the Northern District of Texas.

11. For purposes of construction, this agreement shall be deemed to have been drafted by the Parties to this agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

12. This written settlement constitutes the entire agreement between the Parties, and supersedes and replaces all prior negotiations and agreements, whether written or oral, regarding this forfeiture action and any claim Claimant may have in this action.

13. No modification of this agreement is effective unless in writing and signed by all Parties.

14. This agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

15. This agreement is effective on the date of the last signatory to it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

Settlement Agreement Executed:

DATE: 6/14/23

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
John J. de la Garza III
Assistant United States Attorney
Texas State Bar No. 00796455
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
T: 214-659-8600 | F: 214-659-8803
john.delagarza@usdoj.gov

DATE: 5-22-23

_____
Audrey Anissa Wilford
Claimant

Before me, on this day personally appeared Audrey Anissa Wilford, known to me to be the person whose name is subscribed to the foregoing document and acknowledge that she executed the same for the purposes and consideration expressed.

DATE: 5-22-23

_____
Witness to Audrey Anissa Wilford

Print Full Name: Crystal Proctor

Settlement Agreement – Page 7 of 7